# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

JERALD WYATT, §
§
*Plaintiff*, §
§
v. § CIVIL ACTION H-17-3813
§
WASTE MANAGEMENT OF TEXAS, INC., §
§
*Defendant*. §

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Waste Management of Texas, Inc.'s ("Waste Management") motion for summary judgment. Dkt. 25. Plaintiff Jerald Wyatt responded. Dkt. 31. Waste Management replied. Dkt. 32. Having considered the motion, response, reply, record evidence, and the applicable law, the court is of the opinion that the motion should be GRANTED.

## I. BACKGROUND

This is an employment discrimination case. Dkt. 1. Wyatt was a commercial truck driver for Waste Management for approximately twenty five years. *Id.* at 3; Dkt. 31-3 at 2. He was one of the highest paid commercial drivers of the company. Dkt. 31-4 at 18 (Wyatt Depo. 96:1–35, 96:19–22). In February 2015, Wyatt had surgery to correct his vision for cataracts that he had developed. Dkt. 1 at 4. He took short-term disability and returned to work in March 2015. *Id.*

On August 3, 2015, a customer reported that his property had been damaged by a Waste Management truck. *Id.* Waste Management investigated and claimed Wyatt damaged the property and failed to report the damage. *Id.* On August 10, 2015, Waste Management fired Wyatt for his alleged failure to report damage to the customer's property. Dkt. 25-1 at 3.

Wyatt alleges that Waste Management manufactured the allegation that he did not report

property damage to fire him so as to not to continue paying his high wages. Dkt. 31 at 3. Wyatt also alleges that his pay was reduced numerous times during his employment with Waste Management to decrease his salary because it was too high for an African American employee. *Id.*

According to Wyatt, Waste Management terminated him because of his race, age, and disability. Dkt. 1 at 4. Believing he was discriminated against, Wyatt filed a charge of discrimination with the United States Equal Opportunity Commission ("EEOC"). Dkt. 31-3 at 2. Wyatt then brought this suit against Waste Management alleging the following causes of action: (1) race discrimination in violation of Title VII; (2) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623; and (3) disability discrimination in violation of the Americans with Disabilities Act ("ADA"). Dkt. 1

In the instant motion, Waste Management moves for summary judgment and asks the court to grant summary judgment on Wyatt's pay discrimination claims because he failed to exhaust his administrative remedies and they are time barred. Dkt. 25 at 18–20. Waste Management also argues that Wyatt cannot prove a prima facie case of discrimination for his race, age, and disability claims. *Id.* at 20–26. Wyatt responded and objected to Waste Management's summary judgment evidence. Dkt. 31.

## II. Legal Standard

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets

its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

### A. Evidentiary Objections

Wyatt makes voluminous objections. The court will briefly address the objections that pertain to evidence the court relied on.

#### 1. Declaration of William Oldner

William Oldner holds the position of "Senior District Manager – Collection" at Waste Management. Dkt. 25-1 at 12. First, Wyatt objects to paragraph 2 of Oldner's declaration. Dkt. 31 at 12. Specifically, Wyatt objects to Oldner's statement that his responsibilities include "overseeing all operations at Waste Management's Houston Metro Location." *Id.* Wyatt alleges that this statement is vague and ambiguous. *Id.* The court disagrees. That statement describes Oldner's job responsibilities. This objection is OVERRULED.

Next, Wyatt objects to several statements in paragraph 7 of Oldner's declaration arguing that they are conclusory and lack proper foundation. Dkt. 31 at 12. The court has reviewed the statements and finds that they are not conclusory. Oldner's position as senior district manager and his explanation of his actions create the proper foundation for Waste Management's employment decision regarding Wyatt's termination. This objection is OVERRULED.

Wyatt also objects that Oldner's declaration fails to establish that he has personal knowledge sufficient to authenticate the attached documents. Dkt. 31 at 12. However, in his declaration, Oldner provides that he is the "custodian of records for Waste Management" and that he is "familiar

with the manner in which records of Waste Management are created and maintained by virtue of [his] duties and responsibilities." Dkt. 25-1 at 3. He later states that there are "business records" and they are "the original records or exact duplicates of the original records." *Id.* This is sufficient to establish that he has personal knowledge of the attached exhibits. *See Ainsworth v. Wells Fargo Home Mortg., Inc.*, No. 3:14-CV-1942-M, 2017 WL 3394587, at *2 (N.D. Tex. May 30, 2017) (overruling an objection that the custodian lacked personal knowledge based on similar statements in the declaration).

Finally, Wyatt objects that Oldner's declaration is unreliable because it includes exhibits that are not an original or an exact duplicate of an original record and his affidavit states that they are all original or exact duplicates of the original records. Dkt. 31 at 12. Wyatt cites Exhibit 1-A as an example. *Id.* It appears that Exhibit 1-A had a small fold or tear before it was copied. The court has no reason to find Oldner's declaration unreliable because of this occurrence. This objection is OVERRULED.

### 2. Exhibit 1-F

Wyatt objects that Exhibit 1-F, photographs that depict paint on a dumpster, calls for speculation as no one can "unequivocally state that the paint on the dumpster came from the awning without speculation". Dkt. 31 at 13. However, Wyatt himself testified that the pictures revealed that the dumpster had paint that came from the awning. Dkt. 25-2 at 27 (Wyatt Depo. 136:17–21). The court cannot agree that the photographs call for speculation. Accordingly, this objection is OVERRULED.

### 3. Declaration of Lucia Ortiz

Wyatt objects that Lucia Ortiz does not have personal knowledge sufficient to authenticate the attached documents to the declaration, and repeats the same arguments he raised as to Oldner's

declaration. Dkt. 31 at 14. Ortiz is a Human Resources Manager at Waste Management. Dkt. 25-3 at 2. The court overrules this objection for the same reasons it overruled the objection to Oldner's declaration.

Next, Wyatt objects that paragraph 2 of Ortiz's deposition is vague and ambiguous as to what Ortiz's responsibilities include. Dkt. 31 at 13. The court disagrees. This objection is OVERRULED.

Wyatt also objects to paragraph 7 because it includes statements that are conclusory and lack proper foundation. The court has reviewed the statements and finds that they have a sufficient foundation because of her position and explanation of her actions. Accordingly, this objection is OVERRULED.

Wyatt further objects that Ortiz's declaration is unreliable because it includes an exhibit that is not an original or exact duplicate despite statements to that effect in the declaration. Dkt. 31 at 14. Wyatt points to Exhibit 3-A, a Waste Management job description of a Commercial Driver effective September 1, 2017, and argues that it is not an original or exact duplicate of the original job description of Wyatt during the applicable time period that Wyatt was employed with Waste Management. *Id.* Such a conclusory statement does not allow the court to infer that the exhibit is neither an original or an exact duplicate. *Meroney v. Pharia, LLC*, 688 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (overruling a similar objection because the objecting party failed to plead any facts suggesting that the evidence were not originals or exact duplicates). Accordingly, this objection is OVERRULED.

Finally, Wyatt objects that Ortiz's entire declaration and all the exhibits attached to the declaration should be struck because "her credibility as a custodial witness cannot be relied upon as truthful information." Dkt. 31 at 14. The court has no reason to doubt the credibility of Ortiz's

declaration that was made under penalty of perjury.  This objection is OVERRULED.

### 4.     Emails (Exhibits 3-E, 3-F, 3-H, 3-J, 3-L)

Wyatt also objects that all of the emails attached to Ortiz's declaration are hearsay.  Dkt. 31 at 15–16.  However, the court finds that the emails are business records that fall under the business records hearsay exception.  *See also Pierre v. RBC Liberty Life Ins.*, No. CIV.A. 05-1042-C, 2007 WL 2071829, at *2 (M.D. La. July 13, 2007)(admitting emails that were prepared "during the course of ordinary business").  Wyatt's hearsay objection to the emails is OVERRULED.

Wyatt also argues that the emails lack a proper foundation.  Dkt. 31 at 16–17.  The court finds that Ortiz's declaration creates the proper foundation for these emails. This objection is OVERRULED.

### 5.     The remainder of Wyatt's objections

Because the court did not rely on any of the other evidence that Wyatt objected to, the remainder of Wyatt's objections are OVERRULED AS MOOT.

## B.     Race Discrimination Claim

Title VII makes it unlawful for an employer to "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  When Title VII discrimination claims are based on circumstantial evidence, like in Wyatt's case, courts apply the *McDonnell Douglas* burden-shifting framework.  *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

To establish a prima facie race discrimination case, Wyatt must show that (1) he is a protected class member, (2) he was qualified for his position, (3) he suffered an adverse employment action, and (4) others similarly situated were treated more favorably.  *Okoye v. Univ. of Tex. Hou.*

*Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001) (citing *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999)).

If the plaintiff is successful in presenting a prima facie case of discrimination, the burden of production shifts to the employer to "rebut a presumption of discrimination by articulating a legitimate, nondiscriminatory reason for the adverse employment action." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (citing *Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 402 (5th Cir.2001)). "[If] the employer meets its burden, then [the burden] shifts back to the plaintiff to present substantial evidence that the employer's reason was pretext for discrimination." *Id.* "If the plaintiff can show that the proffered explanation is merely pretextual, that showing, when coupled with the prima facie case, will usually be sufficient to survive summary judgment." *Id.* (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146–48, 120 S.Ct. 2097 (2000)).

Wyatt claims that Waste Management discriminated against him because of his race in violation of Title VII. Specifically, Wyatt contends that Waste Management: (1) reduced his salary because of his race; and (2) terminated him because of his race. Dkt. 31 at 9. Waste Management argues that both of Wyatt's race claims fail because he cannot make his prima facie case for either claim. Dkt. 25 at 23.

## 1.    Pay Reductions

Wyatt argues that he was subject to race discrimination when Waste Management reduced his salary because he was the only employee that was impacted by the pay reductions. Dkt. 31 at 9. Waste Management argues that it is entitled to summary judgment because Wyatt cannot meet the fourth element of his prima facie case—that others similarly situated were treated more favorably. Dkt. 25 at 23.

As part of his prima facie case, Wyatt argues that he was the only employee that was impacted by the pay reductions pursuant to company policies.  Dkt. 31 at 9.  However, Wyatt has not presented any evidence that he was the only employee impacted by the pay reductions. Additionally, Waste Management did present evidence that there were two other drivers that had their pay reduced because of company policy.  Dkt. 25 at 12; Dkt. 25-3 at 13.  Thus, Wyatt cannot meet his prima facie case as to his pay reductions claim because he has failed to identify someone similarly situated who was treated more favorably.

Even assuming Wyatt met his prima facie claim, Wyatt fails to create a genuine issue of material fact that Waste Management's legitimate nondiscriminatory reason was pretext.  Waste Management has set forth evidence that Wyatt's pay reductions were due to new pay structures. Dkt. 25 at 25.  Wyatt argues that these are fabricated pay structures that only impacted Wyatt.[1] Dkt. 31 at 10.  According to Wyatt, two other employees should have been impacted by these pay structures but they did not have their salaries reduced because they were allegedly more efficient than Wyatt.  *Id.*  Wyatt also argues that Waste Management has not presented any evidence that these other employees that were not impacted by the pay reductions were more efficient.  *Id.*  As explained earlier, Waste Management has presented evidence that two other employees were impacted by the pay structures.  Additionally, Waste Management has presented evidence that the drivers who were paid more than Wyatt had higher efficiency ratings than Wyatt.  Dkt. 25 at 24, n.16; Dkt. 25-3 at 59.  Thus, Wyatt has failed to establish that Waste Management's pay structures are pre-textual.

### 2.   Termination

---

[1] The court notes that Wyatt also makes contradicting arguments.  In his briefing, Wyatt also states that "the policies created were never actually implemented as Wyatt's salary never actually decreased to the 'correct' rate."  Dkt. 31 at 11.

Wyatt also argues that he was subject to race discrimination when he was terminated for allegedly failing to report an accident as required by company policy. Waste Management argues that it is entitled to summary judgment because Wyatt cannot identify someone similarly situated outside of his protected class who failed to report an accident and was not terminated. Dkt. 25 at 24. Wyatt does not directly respond to this argument. Thus, Wyatt has not identified someone similarly situated who was non-African American that was not terminated for failing to report an accident. Further, Waste Management presented evidence that four months before Wyatt was terminated, Waste Management also terminated a Caucasian employee for failing to report an accident. Dkt. 25-3 at 3, ¶ 10. Therefore, Wyatt fails to establish a prima facie case as to both of his allegations that he was discriminated because of his race.[2]

Even assuming Wyatt established his prima facie case, Wyatt again fails to raise a genuine issue of material fact that Waste Management's legitimate nondiscriminatory reason was pretextual. Waste Management has provided a legitimate, nondiscriminatory reason for terminating Wyatt—violation of its company policy of reporting an accident. Dkt. 25 at 25. Wyatt argues that this is pretext because his testimony shows that he did not know an accident occurred and did not knowingly fail to report an accident. Dkt. 31 at 9. Wyatt also points to the surveillance video produced by Waste Management and alleges that it shows that there was no accident and no damage to any property. *Id.* However, the court finds that the video is blurry and it is hard to discern what happened. The video does not demonstrate that no accident could have occurred. Further, Waste Management did not simply rely on the surveillance video when making the decision to terminate

---

[2] It does not appear that Wyatt is alleging that he was paid less because of his race. Indeed, Wyatt repeatedly states that he was one of the highest paid commercial truck drivers of the company. Dkt. 31 at 1. To the extent Wyatt is alleging that he was paid less because of his race, that claim fails because of the same reasons his other race discriminations failed–Wyatt did not identify someone similarly situated who was treated more favorably.

Wyatt for failure to report an accident. Waste Management also relied on photographs, data that tracks the truck's route in real time, and the fact that no other driver had serviced that customer since Wyatt had. Dkt. 25 at 15. Given the evidence Waste Management provided, Wyatt has not met his burden of showing that Waste Management's reason was pretext.

Wyatt also points to a comment made by Waste Management employee that "Wyatt's salary was too high and that it could take his salary" and employ three other drivers with what Wyatt makes. Dkt. 31 at 8. Wyatt argues that this comment is evidence of discriminatory intent. *Id.* Remarks are probative of discrimination if they show discriminatory animus and are made by the person responsible for the challenged employment action or by a person with influence over the relevant decisionmaker. *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 225 (5th Cir. 2000). Here, the remark was made by Keith Reynolds, Wyatt's direct supervisor. Dkt. 31 at 3. However, the comment makes no direct or indirect mention of Wyatt's race. Even Wyatt testified that Reynolds made no remarks about his race. Dkt. 31-4 at 24 (Wyatt Depo. 122:23–123:10). Thus, this remark does not serve as evidence of discriminatory animus.

Even assuming *arguendo* that the remark served as evidence of discriminatory animus, that is Wyatt's only evidence of pretext. A remark, without any other evidence of pretext, does not raise a genuine issue of material fact that Waste Management acted with discriminatory intent. *See Phillips v. TXU Corp.*, 194 F. App'x 221, 227 (5th Cir. 2006) (holding that a single remark, as the only evidence of pretext, was not enough to raise a genuine issue of material fact that the employer had discriminated against the plaintiff); *see also Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 577 (5th Cir. 2003)(After *Reeves*, "so long as remarks are not the only evidence of pretext, they are probative of discriminatory intent."). Accordingly, summary judgment as to Wyatt's race discrimination claims is GRANTED.

## C.    Age Discrimination Claim

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1).  To establish a prima facie case of age discrimination, Wyatt must show that: "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class; ii) replaced by someone younger, or iii) otherwise discharged because of his age. *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010).  Waste Management argues that Wyatt cannot meet the fourth element of his prima facie case because he was replaced by someone older.  Dkt. 25 at 21.  The court agrees.  Wyatt has not presented any evidence that he was replaced by someone outside the protected class, replaced by someone younger, or otherwise discharged because of his age.   Summary judgment as to Wyatt's age discrimination claim is GRANTED.

## D.    Disability Discrimination Claim

The ADA provides that no entity "shall discriminate against a qualified individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees . . . and other . . .  privileges of employment."  42 U.S.C. § 12112(a).  A qualified individual is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds." 42 U.S.C. § 12111(8).  A disability is "a physical or mental impairment that substantially limits one or more major life activities."  42 U.S.C. § 12102(1)(A).

To establish a prima facie case of discrimination, Wyatt "must prove (1) that he has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment action on account of his disability." *Id.* at 695 (alteration in original) (quoting *Zenor*

*v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999)).

Waste Management challenges the first element—whether Wyatt is disabled. Dkt. 25 at 22. In his complaint, Wyatt alleged that he was disabled because he had developed cataracts. Dkt. 1 at 4. A disability is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). However, Wyatt has not presented any evidence that his cataracts limited any major life activities. Indeed, Wyatt appears to have returned to work after undergoing surgery. Dkt. 1 at 4. Thus, Wyatt has not established his prima facie case to bring a disability claim. Summary judgment as to Wyatt's disability claim is GRANTED.

## IV. CONCLUSION

Wyatt's objections to Waste Management's evidence (Dkt. 31) are OVERRULED. Waste Management's motion for summary judgment (Dkt. 25) is GRANTED.

Signed at Houston, Texas on July 29, 2019.

_____
Gray H. Miller
Senior United States District Judge